Filed 3/27/13  P. v. Vasquez CA2/1

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>S. VASQUEZ,<br><br>    Defendant and Appellant. | B242760<br><br>(Los Angeles County<br>Super. Ct. No. YA081297) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  James R. Brandlin, Judge.  Affirmed.

Andy Miri for Defendant and Appellant

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Susan Sullivan Pithey and Louis W. Karlin, Deputy Attorneys General, for Plaintiff and Respondent.

_____

A jury found defendant guilty of six offenses involving the sexual abuse of his daughter and two step-daughters. The court sentenced defendant to a prison term of 81 years to life. On appeal, defendant argues that the court erred in admitting expert testimony regarding "child sexual abuse accommodation syndrome," the evidence is insufficient to support his convictions, and his sentence is "excessive." We affirm the judgment.

## FACTS AND PROCEEDINGS BELOW

The principal prosecution witnesses were the three victims and a clinical psychologist. We summarize their testimony below.

### A. Alexis's Testimony

Alexis was 12 years old at the time of trial. Defendant began molesting her when she was in the first grade. The first incident occurred in the bathroom of their home. Defendant pulled down his pants and exposed his penis then pulled down Alexis's pants and put his penis in her anus. It hurt and she started to bleed. On subsequent occasions over the next six years defendant placed his penis and his fingers in her anus, and touched her vagina over and underneath her clothes. At least five times defendant forced Alexis to sleep with him in the nude and on five occasions defendant tried but failed to penetrate Alexis' vagina with his penis. This molestation continued for six years until Alexis was in the sixth grade.

### B. Vanessa's Testimony

At the time of trial Vanessa was 11 years old. She was eight years old when the abuse began. She and defendant were in his bedroom when he told her to take her clothes off and lie on his bed. When she did so he penetrated her vagina with his penis. He repeated this abuse "lots of times." He penetrated her anus with his penis on two occasions. Defendant would also force Vanessa's hand onto his penis. Vanessa saw defendant do the same things to Alexis.

2

## C.       Abigail's Testimony

Abigail was 7 years old at the time of trial.  She testified that when she was in the first grade defendant touched and fondled her vagina and chest 10 times.  She knew the number, she said, because she counted the instances and made a list on a paper she kept in her backpack.  She saw defendant get into bed naked with Alexis and saw the bed start shaking.

## D.       Dr. Jayme Bernfeld's Testimony

Over defendant's objection, the trial court allowed the prosecution to present expert testimony concerning Child Sexual Abuse Accommodation Syndrome (CSAAS) which describes the manner in which some children respond to sexual abuse, including delayed disclosure of the crime.  Dr. Bernfeld, a clinical psychologist, testified as an expert on CSAAS.  She explained that a child's delay in reporting sexual abuse is primarily caused by a combination of belief in the need for secrecy, feelings of helplessness and a desire to accommodate the situation.  The doctor also explained to the jury that CSAAS is not a predictive model.  "It doesn't tell us whether or not someone has been abused," she said.

The court instructed the jury under CALCRIM No. 1193 that "Dr. Bernfeld's testimony about child sexual abuse accommodation syndrome is not evidence that the defendant committed any of the crimes charged against him" and that the jury may consider the evidence about CSAAS "only in deciding whether or not the children's conduct was not inconsistent with the conduct of someone who has been molested, and in evaluating the believability of the children's testimony."

The jury convicted defendant of committing lewd and lascivious acts and continuous sexual abuse with respect to Alexis, sexual intercourse or sodomy and continuous sexual abuse of Vanessa and of two separate lewd and lascivious acts upon Abigail.  (Pen. Code, §§ 288, subd. (a), 288.5 and 288.7, subd. (a).)[1]  As to all six counts,

---

[1]       All statutory references are to the Penal Code except where otherwise specified.

the jury found that defendant committed the crimes against more than one victim within the meaning of the "one strike" law (Pen. Code, § 667.61).

As noted, the court imposed a prison sentence totaling 81 years to life.

## DISCUSSION

### I.     THE COURT DID NOT ERR IN ADMITTING EVIDENCE OF CHILD SEXUAL ABUSE ACCOMMODATION SYNDROME.

Defendant argues that the court should not have admitted evidence of CSAAS because its probative value was outweighed by the risk that despite the court's limiting instruction the jury would use Dr. Bernfeld's testimony as evidence that defendant molested the children. Alternatively, he maintains the court should only have admitted evidence pertaining to the portion of CSAAS that deals with delay in reporting abuse and only as to Alexis because hers was the only significant delay in reporting. We disagree with both arguments.

Previous appellate decisions have held that evidence of all the factors that comprise CSAAS is relevant in cases involving the sexual abuse of minors (see, e.g., *People v. McAlpin* (1991) 53 Cal.3d 1289, 1300-1302; *People v. Housley* (1992) 6 Cal.App.4th 947, 958-959) but that the evidence must be accompanied by a limiting instruction such as the one the court gave here. (See *ante*, at p. 3.) (*People v. Bergschneider* (1989) 211 Cal.App.3d 144, 159.) On review, we presume that the jury understood and followed that instruction. (*People v. Coffman and Marlow* (2004) 34 Cal.4th 1, 83.)

The CSAAS evidence was relevant to all three children. Alexis delayed six years in reporting defendant's molestation, Vanessa delayed three years and Abigail delayed a year. Furthermore, the children's testimony raised questions about their behavior in addition to their delay in reporting defendant's abuse. These questions included why the children didn't fight defendant off when he tried to molest them and why they continued to place themselves in situations where defendant had the opportunity to abuse them. Dr. Bernfeld explained that young children abused by an adult have a feeling of helplessness which arises from their physical inability to fight back as well as their

4

having been raised to obey adults which results in their feeling uncomfortable saying no to an abusive adult. As to why children continue their relationship with their abuser, Dr. Bernfeld explained that children who feel helpless will try to adapt to the situation in order to make the abuse more tolerable. For example, many victims continue displaying affection toward their abuser, especially if he or she is a family member.

## II.    DEFENDANT'S CONVICTIONS ARE SUPPORTED BY SUBSTANTIAL EVIDENCE.

Defendant contends his convictions should be reversed because the children's testimony accusing him of sexual abuse was uncorroborated and so general as to deny him due process. Again, we disagree.

### A.    Corroboration

Evidence Code section 411 states: "Except where additional evidence is required by statute, the direct evidence of one witness who is entitled to full credit is sufficient for proof of any fact." Defendant maintains that section 803, subdivision (f), required additional evidence of sexual abuse. He is mistaken.

Section 803, subdivision (f) revives the expired limitations periods for prosecuting sex offenses under sections 288 and 288.5 under certain circumstances. Subdivision (f)(2) of the statute states: "This subdivision applies only if . . . the following occur[s]: . . . (C) There is independent evidence that corroborates the victim's allegation."

Section 803 does not apply to this case for two reasons. The time in which to prosecute offenses against Alexis, Vanessa and Abigail under sections 288 and 288.5 could be "any time prior to the victim's 28th birthday." (§ 801.1, subd. (a).) Thus, the prosecutions under those sections were commenced with about 20 years to spare. Corroboration is not required in a prosecution under section 288.7 because section 803, subdivision (f), by its terms does not apply to that section. (A violation of section 288.7, subdivision (a) is punishable by imprisonment in the state prison for 25 years to life; therefore under section 799 the prosecution for that offense may commence at any time.)

### B. Specificity

Defendant argues on the one hand that the children's testimony was too general and "generic" to permit the preparation of a defense and cross-examination of witnesses in violation of his right to due process and to confront his accusers. He argues on the other hand that some of the testimony is too detailed to be credible as a matter of law. We reject both arguments.

In *People v. Jones* (1990) 51 Cal.3d 294, 316 (*Jones*), the court held that in cases alleging child molestation the victim must describe at trial "the kind of act or acts committed," "the number of acts committed," and "the general time period" in which the acts occurred. (Italics omitted.) These descriptions plus "the availability of the preliminary hearing, demurrer and pretrial discovery procedures" satisfy the "defendant's due process right to fair notice of the charges against him." (*Id.* at p. 318.)

Having reviewed the testimony of the three victims in the light most favorable to the judgment (*Roby v. McKesson Corp.* (2009) 47 Cal.4th 686, 693-694) we conclude that their testimony met the standards articulated by our high court in *Jones*. Defendant's arguments for the most part invite us to redetermine issues of credibility and conflicts in the evidence. That is not our role. (*People v. Panah* (2005) 35 Cal.4th 395, 488.)

Defendant calls Alexis's testimony that defendant molested her between 30 and 50 times "outrageous" and argues that it is proof that she and the other children were coached in their testimony, probably by her mother, and therefore their testimony could not support defendant's conviction. As we noted above, credibility determinations are for the jury not this court. "Testimony may be rejected only when it is inherently improbable or incredible, . . . unbelievable per se, physically impossible or wholly unacceptable to reasonable minds." (*People v. Ennis* (2010) 190 Cal.App.4th 721, 729 [internal quotation marks omitted].) There is nothing remarkable about Alexis's testimony that defendant sexually abused her 30 to 50 times over a six-year period. (Cf. *People v. Moore* (1989) 211 Cal.App.3d 1400, 1409 [10-year-old victim testified father had sexual intercourse with her "almost every night" for three months].)

### III. DEFENDANT HAS NOT DEMONSTRATED THAT HIS SENTENCE WAS ILLEGAL OR AN ABUSE OF DISCRETION.

Defendant argues that his sentence is "excessive" but not that it is illegal or an abuse of discretion. His claim of abuse of discretion is aimed at the prosecutor for overcharging the case in order to produce an extremely long sentence.

There being no legally-based argument before us, we have no basis for altering defendant's sentence.

### DISPOSITION

The judgment is affirmed.

<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, Acting P. J.

We concur:


CHANEY, J.


JOHNSON, J.

7